**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ZANDRA MATTIA,<br>Plaintiff | ) | [redacted] 05 188 ML |
| | ) | C.A. No.:____________ |
| v. | ) | |
| | ) | |
| KENNETH COTE SALON, INC.<br>Defendant | ) | |

## COMPLAINT

INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by ZANDRA MATTIA (hereafter "Mattia" or "Plaintiff"), an individual, against KENNETH COTE SALON, INC. (hereafter "Defendant," or "Employer"), in order to remedy and seek relief for the Defendant's unlawful and discriminatory employment practices, in violation of Title VII of the Civil Rights Act of 1964; Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. Sections 2001 *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. 28-5-1 *et seq.*, in addition to other federal, state, and common law claims. At the time of the events at issue in this Complaint, Ms. Mattia, a female, born in South America, had been employed by the Defendant for approximately 6 years, in the position of hair stylist. Plaintiff was terminated during or about March 2004, and alleges that prior to her termination that she was discriminated against on the basis of her disability status, race, national origin, and/or gender with respect to the status, policies and benefits of her employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to pertinent provisions of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§2000e et seq. All conditions precedent to establishing this court's jurisdiction have been satisfied.

2. The employment practices hereafter alleged to be unlawful were, and are now, being committed in the State of Rhode Island. Consideration of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they derive from a common nucleus of operative facts, and form part of the same case or controversy. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1367(a).

3. Venue is proper in this district pursuant to, inter alia, 28 U.S.C. 1391(b) and (c), because:

a. the alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's principal place of business in East Greenwich, Rhode Island, within this judicial district;

c. the Plaintiff would currently be receiving the full and fair benefit of her employment at the Defendant's principal place of business in East Greenwich, Rhode Island, and within this judicial district, but for the Defendant's unlawful employment practices.

4. Ms. Mattia has filed a timely filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that she had been discriminated against on the basis of her disability, race, national origin, and/or gender — RICHR #: 05 EPD 001-02/16; EEOC #: 16JA400263. (Attachment A)

5. In timely fashion, Mattia requested and received Right To Sue Authorization from the appropriate administrative agency(ies). (Attachment B).

6. Mattia has fulfilled all other conditions precedent to the institution of each count of this action.

PARTIES

7. The Plaintiff, Zandra Mattia, a female, was born in South America, and currently resides in Cranston, Rhode Island.

8. The Defendant Kenneth Cote Salon, Inc. is a domestic corporation licensed by the State of Rhode Island to conduct business pursuant to the laws of this State, for the purpose(s) of hairstyling and spa salons. Upon information and belief the Defendant operates and maintains an office and principal place of business at 333 Main Street, East Greenwich, Rhode Island 02818.

9. On information and belief, at all times material to the allegations of this Complaint, the Defendant has continuously, and does(do) now, employ at least 15 or more employees in the State of Rhode Island.

10. At all times material to the allegations of this Complaint, the Defendant qualified as an employer and/or covered entity pursuant to applicable provisions of Sec. 101(2) of the ADA, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; The Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1 et seq.; The Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1 et seq., and any other state or federal statutes referenced in this Complaint; and qualified(ies) as a person with a disability under 42 U.S.C. 12112(a).

11. At all times pertinent to the allegations of this Complaint, Mattia held the status of a person with a disability, as defined in Section 3(2) of the ADA, 42 U.S.C. 12102, and pursuant to Rhode Island law, because she:

a: has a physical or emotional impairment that substantially limits one or more of her major life activities;

b: has a record of such an impairment; and/or

c: is and was regarded by the Defendant as having such an impairment.

12. At all times material to the allegations of this Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(g) and (h); and Sec. 101(5) and 107(a) of the ADA.

13. At all times material to this action, Mattia was an individual, employee, and/or person covered under the terms and provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; The Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1 et seq.; The Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1 et seq.; and any other state or federal statutes referenced in this Complaint.

14. On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendant, with respect to all allegations of this Complaint, and the Defendant knew or should reasonably have known of their unlawful conduct.

## FACTS COMMON TO ALL COUNTS

15. At the time of the events material to this Complaint, Plaintiff had been employed by Defendant in the position of hair stylist.

16. Throughout the tenure of her employment, the Plaintiff performed her assigned job duties in a satisfactory manner, meeting the Defendant's legitimate expectations.

17. Plaintiff is a female, native of South America, who worked for the Defendant for approximately 6 years. She was terminated during or about March 2004.

18. Prior to her termination, Plaintiff was compelled to work in a hostile work environment characterized by discriminatory conduct of an egregious, pervasive, frequent, and unlawful nature based on her race/national origin, gender, disability, and/or the employer's perception that she was disabled.

19. When Plaintiff was terminated, she was told by management personnel that the Employer had considered her ethnic background in reaching its decision to terminate her. Specifically, Plaintiff was told by management personnel that the salon's neighborhood was "very white," and that the clients were not coming to her because she was Hispanic.

20. Plaintiff was also told by management, "this type of salon is not for you...East Greenwich is not for you," an apparent reference to her race/national origin.

21. At the time of Plaintiff's discharge, Plaintiff was the only employee in the salon of Hispanic background.

22. Plaintiff was also told that the employer could not let her work "Mommy hours," an apparent reference to her gender and status of being a mother with a young child.

23. Prior to her termination Plaintiff was out of work on a medical leave relative to a medical condition involving her gall bladder which required surgery.

24. While she was out of work relative to this medical condition, she was made the brunt of humiliating and demeaning conduct by managerial personnel about which the employer took no corrective action.

25. While Plaintiff was on medical leave, certain management personnel made a crude depiction of Plaintiff, posted it on a board in the back of the salon, inviting employees to conjecture as to the nature of her medical problem—i.e., What's wrong with Zandra?....Is she having triplets?...Chinese food?...constipation?...tumor?...among other demeaning comments.

26. Upon information and belief, Plaintiff avers that a former employee was subjected to similar outrageous conduct while out of work for cancer related treatment.

27. Defendant discriminated against Plaintiff because they perceived her as having a disability and terminated her from her job.

27. At all times, except the time Plaintiff was absent from work for treatment for her medical condition, Plaintiff was able to perform the essential function of her job, with or without reasonable accommodation.

28. The Defendant's conduct referenced in the preceding paragraph was undertaken to retaliate against the Plaintiff for asserting his right to be free from a discriminatory and unlawful work environment, because she was a non-white, foreign-born female, because she has/had a disability, and/or because the employer perceived her as having a disability.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. §2000e, ET SEQ.**

**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**UNLAWFUL DISCHARGE**

29. The allegations contained in Paragraphs 1-28, above, are incorporated herein by reference in their entirety.

30. The Defendant's discriminatory conduct, policies, and practices are violative of the provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. by:

a. interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on race, national origin, and/or gender;

b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c. treating her in a hostile, demeaning, and otherwise unlawful manner based on her race, national origin, and/or gender; and

d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as harm to her personal and professional reputation.

31. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Mattia's race, national origin, and/or gender. Such practices include, but are not limited to, Defendant's:

a. retaliating against Mattia because of her race, national origin, and/or gender;

b. forcing Mattia to work under discriminatory terms and conditions of employment, based on race, national origin, and/or gender;

c. terminating Mattia.

32. But for the Defendant's intent to discriminate against Plaintiff because of her race, national origin, and gender, the Defendant would not have subjected Plaintiff to discriminatory terms and conditions of employment, retaliated against her, or terminated her.

33. The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's race, national origin, and/or gender. The Defendant's conduct has unlawfully deprived Plaintiff of her employment status, income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT II**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L.§28-5-1 et seq.**

**DISCIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**UNLAWFUL DISCHARGE**

34. Paragraphs 1-28 above are herein incorporated by reference in their entirety.

35. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA, by:

a. interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on race, national origin; disability status; and/or gender;
b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;
c. treating her in a hostile, demeaning, and otherwise unlawful manner based on her race, national origin, disability status; and/or gender; and
d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

36. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Mattia's race, disability status; national origin, and/or gender. Such practices include, but are not limited to, Defendant's:

a. retaliating against Mattia for complaining about what she reasonably believed to be unlawful workplace treatment;
b. forcing Mattia to work under discriminatory terms and conditions of employment, based on race, national origin, disability status; and/or gender;
c. and terminating Mattia.

37. But for the Defendant's intent to discriminate against Plaintiff because of her race, national origin, disability status; and gender, Defendant would not have retaliated against Plaintiff, subjected her to discriminatory terms and conditions of employment, or terminated her.

38. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has caused her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT III**
**THE RHODE ISLAND CIVIL RIGHTS ACT OF 1990**
**R.I.G.L. 42-112-1 ET SEQ.**

**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**UNLAWFUL DISCHARGE**

39. Paragraphs 1-28 above are incorporated herein by reference in their entirety.

40. Despite Plaintiff's ability to perform the duties of her position in a satisfactory manner, the Defendant unlawfully subjected Plaintiff to discriminatory terms and conditions of employment, and retaliated against Plaintiff, because of Plaintiff's race, national origin, disability status, and/or gender.

41. But for the Defendant's intent to discriminate against Plaintiff because of her race, national origin, disability status, and/or gender, Defendant would not have engaged in the unlawful conduct described in the preceding paragraphs.

42. By its conduct described in the preceding paragraphs, Defendant has engaged in unlawful conduct in violation of R.I.G.L. 42-112-1 et seq.

43. The Defendant's conduct was undertaken with a reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, and has unlawfully deprived the Plaintiff of her employment, income, benefits, privileges, promotions, and other benefits accruing to the employment relationship, as well as caused harm to her reputation, humiliation, and physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT IV
## AMERICANS WITH DISABILITIES ACT
## ADA 42 USC 12117

## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## UNLAWFUL DISCHARGE

44. Paragraphs 1-28 are hereby incorporated by reference in their entirety.

45. At all times material to the allegations of the Complaint, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

46. Despite her disability or impairment, Plaintiff was able to perform the essential duties of her position, either with no need for accommodation or with reasonable accommodation.

47. The Defendant has engaged in unlawful employment practices in violation of the ADA, section 102(a), 102(b)(1), and 102(b)(5)(B), 42 U.S.C. section 12112(a), 12112(b)(1) and 12112(b)(5)(B), in addition to other sections.

48. But for the Defendant's intent to discriminate against the Plaintiff because of her status as a qualified person with a disability and/or because the Employer perceived the Plaintiff as having a disability, the Defendant would not have engaged in the conduct alleged in this Complaint.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of the Plaintiff for all damages and equitable relief available, as hereinafter requested.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a. an order that the Defendant institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals regardless of disability status, race, national origin, and/or gender.

b. an order that the Defendant make whole the Plaintiff with appropriate lost earnings, benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to the granting to Plaintiff appropriate increases, benefits, status, and promotional opportunities of the workplace;

c. an order that the Defendant make whole the Plaintiff by providing compensation for any pecuniary losses, including, but not limited to, any costs incurred for health and life insurance premiums, medical treatment, losses in pension entitlement, vacation pay and other benefits, in amounts to be determined at trial;

d. an order that the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including, but not limited to emotional pain,

suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. §28-50-4, 42-112-2, and 28-5-24;

e. grant attorney's fees and the costs of this action;

f. grant punitive damages, as appropriate, to punish the Defendant for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. §28-50-4, 42-112-2, and 28-5-1;

g. grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L. §9-21-10;

h. any and all penalties and damages available pursuant to ERISA; and

i. grant such further relief as this Court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Zandra Mattia,
By Her Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

CHARC ⸺ DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

GENCY: ☐ FEPA ☐ EEOC

CHARGE NUMBER

Rhode Island Commission for Human Rights and EEOC

*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| ZANDRA MATTIA | 401-943-5895 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 200 CANNON ST., UNIT 140 | CRANSTON, RI 02920 | 11/30/69 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| KENNETH COTE SALON, INC | 10+ | 401-785-9808 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 333 MAIN STREET | EAST GREENWICH, RI 02818 | Kent |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☒ RACE ☒ COLOR ☒ SEX ☐ RELIGION ☒ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
*EARLIEST* 10/1/03 *LATEST*
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I am a female and was born in South America. I worked for the above-captioned employer for approximately 6 years. At all times I performed my job duties in an exemplary fashion, meeting or exceeding the employer's legitimate expectations. I was terminated in March 2004. Prior to my termination I was compelled to work in a hostile environment, characterized by discriminatory conduct of an egregious, pervasive, frequent, and patently unlawful nature based on my race/national origin, gender, disability, and/or the employer's perception that I was disabled. When I was terminated, I was told by management personnel that the employer had considered my ethnic background in reaching its decision to terminate me. I was told by management personnel that the salon's neighborhood was "very white," and that clients were not coming to me because I was Hispanic. I was also told by management that, "this type of salon is not for you…East Greenwich is not for you." At the time of my discharge, I was the only employee in the salon of Hispanic background. I was also told that the employer could not let me work "Mommy hours," an apparent reference to my gender and status of being a mother with a young child.

Continued on Attached Sheet

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Zandra Mattia 6/30/04

Date Charging Party *(Signature)*

NOTARY – (When necessary for State and Local Requirements)

Brie Fanning

BRIE FANNING
Notary Public of Rhode Island
My Commission Expires 8/13/2007

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

Zandra Mattia

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

Brie Fanning 6/30/04

EEOC FORM 5 (Rev. 06/92)

Attachment to Charge of Discrimination: Zandra Mattia

In addition, prior to my termination, I was out on medical leave relative to a medical condition involving my gall bladder which required surgery. While I was out sick from work relative to my medical condition, I was made the brunt of humiliating and demeaning conduct by management personnel. Management personnel created a crude depiction of me, on a board in the back of the salon, inviting employees to conjecture as to the nature of my medical problem – i.e., What's wrong with Zandra? … Is she having triplets? … Chinese food? …constipation?…tumor?" among other demeaning comments. Management told me that the employer was "just having fun." I am also aware of a former employee who was subjected to similar outrageous treatment when she was out of work due to cancer related surgery. The above referenced conduct had a profound, negative impact on the terms and conditions of my employment, and resulted in my discharge. The above allegations implicate serious violations of Title VII of the Civil Rights Act of 1964, the Rhode Island Fair Employment Practices Act, the Americans with Disabilities Act, the Rhode Island Whistleblower's Protection Act, and other state and federal laws.

Zandra Mattia
Claimant's Signature

6/30/4.
Date

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR #05 EPD 001-02/16 EEOC # 16JA400263

In the matter of

Zandra Mattia
Complainant

Against

**NOTICE OF RIGHT TO SUE**

KENNETH COTE SALON, INC.
Respondent

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY(90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

2/7/05 [signature]

Date

[signature]

Michael D. Évora
Executive Director

************************************************************************************

NOTICE OF RIGHT TO SUE
PAGE TWO

Section 28-5-24.1 of the General Laws of Rhode Island

(a) A complainant may ask for a RIGHT TO SUE in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the Commission has been unable to secure a settlement agreement or conciliation agreement and if the Commission has not commenced hearing on a complaint. The Commission shall grant the RIGHT TO SUE within thirty (30) days after receipt of such request. This shall terminate all proceedings by the Commission and shall give to the complainant the right to commence suit in the superior court within any county as provided in Section 28-5-24 within ninety (90) days after the granting of such request. Any party may claim a trial by jury.

CC: Stephen T. Fanning, Esq.
Carl S. Levin, Esq.
Kenneth G. Cote, President
Daniel A. Calenda, Esq., Agent For Service

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (*ISSUED ON REQUEST*)

To: **Zandra Mattia**
**200 Cannon Street**
**Unit 140**
**Cranston, RI 02920**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16J-2004-00263** | **Rance A. O'Quinn, Enforcement Supervisor** | **(617) 565-3192** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Robert L. Sanders,**
**Area Office Director**

FEB 10 2005
*(Date Mailed)*

Enclosure(s)

cc: **KENNETH COTE SALON, INC.**
**333 Main Street**
**East Greenwich, RI 02818**

**Stephen J. Fanning**
**305 South Main Street**
**Providence, RI 02903**

Enclosure with EEOC
Form 161-B (3/98)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

### PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.
Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA backpay recovery period.

### ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***