**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ZANDRA MATTIA
Plaintiff

VS. C.A.NO: 05-188 ML

KENNETH COTE SALON, INC
Defendant

**ANSWER**

Now comes Kenneth Cote Salon, Inc., by and through its attorneys, and files the within Answer to the Plaintiff's Complaint.

**INTRODUCTORY STATEMENT/DEFENSE OF CLAIM**

Plaintiff was employed by Kenneth Cote Salon, Inc., d/b/a Kenneth Cote Renewal Center from October 2002 to December 31, 2003 at its location in East Greenwich, Rhode Island. On January 1, 2004, Plaintiff began employment with Salon Systems of New England, Inc., d/b/a Kenneth Cote Renewal Center. Plaintiff was lawfully terminated by Defendant in March 2004. Defendant denies all allegations of discriminatory conduct or intent. Defendant has not engaged in any unlawful or discriminatory employment practices.

**JURISDICTION AND VENUE**

1. In so far as the averment in this paragraph sets forth a standard of law, Defendant neither admits nor denies and leaves said law in the hands of the Court. With

claim upon which relief may be granted. Defendant also asserts that this Court does not have subject matter jurisdiction over this matter.

2. Defendant denies the averment that it has engaged in unlawful employment practices in the past. Defendant denies the averment that it currently engages in unlawful employment practices. With respect to the remaining averments contained in this paragraph, said averments set forth statements of law to which Defendant neither admits nor denies and leaves said law in the hands of the Court.

3. In so far as the averment in this paragraph sets forth a standard of law, Defendant neither admits nor denies and leaves said law in the hands of the Court.

(a) Defendant denies that it currently engages in unlawful employment practices. Defendant denies that is has in the past engaged in unlawful employment practices.

(b) Defendant denies that it currently engages in unlawful employment practices. Defendant denies that is has in the past engaged in unlawful employment practices. Defendant acknowledges that its business records are maintained in East Greenwich, Rhode Island.

(c) Defendant denies the averment set forth in this paragraph.

4. Defendant admits that a charge of discrimination was filed by Plaintiff however Defendant is without sufficient information to form a belief as to the truth or falsity of the averment regarding the timeliness of her filing of this charge and

6. Defendant denies the averment set forth in this paragraph.

## PARTIES

7. Defendant admits that Plaintiff is a female from South America. Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining averment set forth in this paragraph and leaves Plaintiff to her proof thereof.

8. Defendant admits that Kenneth Cote Salon, Inc., is a Rhode Island corporation licensed to conduct business as a hairstylist and spa salon. Kenneth Cote Salon, Inc., ceased operations at its East Greenwich, Rhode Island location on December 31, 2003. On January 1, 2004 Salon Systems of New England, Inc., began its business operations at the same East Greenwich, Rhode Island location.

9. Defendant denies the averment set forth in this paragraph.

10. Defendant denies the averment set forth in this paragraph except as to the Rhode Island Fair Employment Practices Act.

11 a-c. Defendant denies the averment set forth in this paragraph and its sub-paragraphs.

12. Defendant neither admits nor denies this averment and leaves Plaintiff to her proof.

13. Defendant denies the averment set forth in this paragraph except as to the Rhode Island Fair Employment Practices Act and the Rhode Island Civil Rights Act of 1990.

**FACTS COMMON TO ALL COUNTS**

15. Defendant admits that Plaintiff was employed by Defendant from October 2002 to December 31, 2003. Defendant denies that it engaged in discriminatory employment practices. At the time of her termination, Plaintiff was employed by Salon Systems of New England, Inc.

16. Defendant denies the averment set forth in this paragraph.

17. Defendant admits that Plaintiff is a female from South America who was employed by Defendant from October 2002 to December 31, 2003. At the time of her termination, Plaintiff was employed by Salon Systems of New England, Inc., d/b/a Kenneth Cote Renewal Center.

18. Defendant denies the averment set forth in this paragraph.

19. Defendant denies the averment set forth in this paragraph.

20. Defendant denies the averment set forth in this paragraph.

21. Defendant denies the averment set forth in this paragraph.

22. Defendant denies the averment set forth in this paragraph.

23. Defendant has no record of such medical leave while Plaintiff was an employee. Upon information and belief, said medical leave was during Plaintiff's employment by Salon Systems of New England, Inc.

24. Defendant denies the averment set forth in this paragraph.

25. Defendant denies the averment set forth in this paragraph.

28. Defendant denies the averment set forth in this paragraph.

## COUNT 1

## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. §2000e, ET SEQ.

## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## RETALIATION
## UNLAWFUL DISCHARGE

29. Defendant reasserts its answers to paragraphs one (1) through twenty-eight (28) as if fully set forth herein.

30 a-d. Defendant denies the averment of discriminatory conduct, policies and practices. Defendant denies the averments set forth in this paragraph and its sub-paragraphs.

31 a-d. Defendant denies the averment of unlawful practices. Defendant denies the averments set forth in this paragraph and its sub-paragraphs.

32. Defendant denies the averment set forth in this paragraph.

33. Defendant denies the averment set forth in this paragraph.

**WHEREFORE**, Defendant moves that the Complaint be dismissed and that Defendant be awarded costs and attorneys' fees incurred in the defense of this action.

## COUNT II
## RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
## R.I.G.L. §28-5-1 et seq.

## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## RETALIATION

35 a-d. Defendant denies the averment of discriminatory conduct, policies and practices. Defendant denies the averments set forth in this paragraph and its sub-paragraphs.

36a-d. Defendant denies the averment of unlawful practices. Defendant denies the averments set forth in this paragraph and its sub-paragraphs.

37. Defendant denies the averment set forth in this paragraph.

38. Defendant denies the averment set forth in this paragraph.

**WHEREFORE**, Defendant moves that the Complaint be dismissed and that Defendant be awarded costs and attorneys' fees incurred in the defense of this action.

**COUNT III**
**THE RHODE ISLAND CIVIL RIGHTS ACT OF 1990**
**R.I.G.L. 42-112-1 ET SEQ.**

**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETATLIATION**
**UNLAWFUL DISCHARGE**

39. Defendant reasserts its answers to paragraph one (1) through twenty-eight (28) as if fully set forth herein.

40. Defendant denies the averment set forth in this paragraph.

41. Defendant denies the averment set forth in this paragraph.

42. Defendant denies the averment set forth in this paragraph.

43. Defendant denies the averment set forth in this paragraph.

**WHEREFORE**, Defendant moves that the Complaint be dismissed and that Defendant be awarded costs and attorneys' fees incurred in the defense of this action.

## COUNT IV
## AMERICANS WITH DISABILITIES ACT
## ADA 42 USC 12117

## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## UNLAWFUL DISCHARGE

44. Defendant reasserts its answers to paragraph one (1) through twenty-eight (28) as if fully set forth herein.

45. Defendant denies the averment set forth in this paragraph.

46. Defendant denies that Plaintiff had a disability or impairment. Defendant admits that Plaintiff was able to perform the essential duties of her position without the need for accommodation or reasonable accommodation.

47. Defendant denies the averment set forth in this paragraph.

48. Defendant denies the averment set forth in this paragraph.

**WHEREFORE**, Defendant moves that the Complaint be dismissed and that Defendant be awarded costs and attorneys' fees incurred in the defense of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant moves that Plaintiff's Complaint be dismissed and that Judgment be entered in favor of Defendant, and that Defendant be awarded costs and attorneys' fees incurred in the defense of this action. Defendant further moves that the Plaintiff's Prayer for Relief be denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. This court lacks subject matter jurisdiction over the Defendant.

3. This court lacks *in personam* jurisdiction over the Defendant.

4. This action is not within the venue of this Court.

5. The Plaintiff has unclean hands.

6. Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend its answer to assert any such defense.

Defendant,
By its attorneys,

Carl S. Levin (#3336)
Armstrong, Gibbons & Gnys, LLP
155 South Main Street, Suite 301
Providence, Rhode Island 02903
(401) 751-1500

**CERTIFICATION**

I, the undersigned, hereby certify that I did send, by first class mail, postage prepaid, a true copy of the within Answer to Stephen T. Fanning, 305 South Main Street, Providence, Rhode Island 02903 this 19th day of July, 2005.

Kristin M. Brennan